UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ANTHONY EUGENE LEWIS, | ) | CASE NO. C08-1201-JCC-MAT |
| Plaintiff, | ) | |
| v. | ) | ORDER RE: PLAINTIFF'S MOTION |
| | ) | TO COMPEL AND ENLARGE |
| KING COUNTY, | ) | DISCOVERY |
| Defendant. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights case, alleges violation of his constitutional rights through his prosecution for drug possession. His Amended Complaint appears to allege that defendant King County maliciously prosecuted him and denied him compulsory process. (Dkt. 7.) Plaintiff now seeks to compel defendant to produce his criminal case file and to enlarge the period for discovery in order to allow re-service and response to interrogatories propounded on King County Prosecutor Gabrielle Dickerman. (Dkt. 26.)

Defendant opposes plaintiff's motion. (Dkt. 28.) Defendant notes that plaintiff has been instructed on the procedure to obtain a copy of his court file from King County Superior Court and that portions of the file were produced in response to requests for production. (*See*

Dkt. 29.)  Defendant asserts that it properly objected to the interrogatories at issue given that prosecutor Dickerman is not a named defendant in this action, *see* Fed. R. Civ. P. 33(a)(1) (permitting interrogatories to be served on "any other party"), and that plaintiff has failed to show good cause for extending the discovery deadline, *see* Fed. R. Civ. P. 6(b)(1) (allowing extensions of time for good cause shown).  Defendant further avers that, to the extent plaintiff's motion contains new discovery requests, such requests are untimely given the March 23, 2009 discovery deadline (*see* Dkt. 15), and that plaintiff failed to comply with the meet and confer requirements associated with his motion to compel, *see* Fed. R. Civ. P. 37(a)(1) (a party filing a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.")

In reply, plaintiff notes that his indigent status inhibits his ability to obtain a copy of his court file through King County Superior Court and asserts that he attempted to confer with defendants regarding this discovery issue prior to filing his motion.  He contends that the requested discovery is relevant to the pending action and does not impose any undue burden or expense.  *See* Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.")  Plaintiff maintains that good cause exists for extending the discovery deadline in this matter given that he previously propounded the discovery requests at issue on defendant and because he provided defendant with the opportunity to meet and confer regarding the requests.

Plaintiff's initial motion did not contain the required Rule 37(a)(1) certification that he conferred or attempted to confer with defendant before filing his motion to compel.  Plaintiff

did, however, attest in his reply that he attempted to confer with defendant before filing his motion. Defendant denies this contention. (Dkt. 29, ¶ 4.) Giving plaintiff the benefit of the doubt, the Court will address his motion to compel.

The Court first addresses plaintiff's motion as it relates to his criminal case file. Plaintiff timely made this discovery request of defendant in October 2008. (Dkt. 29, Ex. 1.) Defendant replied to the request in the form of a letter, stating plaintiff previously submitted a request for the case file to King County Superior Court and had been informed of the procedure for obtaining the documents from that source. (*Id*.) The attached letter from King County Superior Court reflects that satisfaction of the request required a minimum fee of $10.00, with additional fees for charges beyond that amount billed on a $20.00 per hour basis. (*Id*.)

The Court finds defendant's response to plaintiff's discovery request inadequate at best. Rule 34 allows a party to serve on any other party a request "to produce and permit the requesting party or its representatives to inspect [or] copy. . . [documents] in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Pursuant to Rule 34(b)(2), defendant was required to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Defendant did not raise any objections to the request or provide plaintiff – an incarcerated individual proceeding *pro se* and *in forma pauperis* in this matter – with any meaningful opportunity to inspect and/or copy the documents at issue.[1] Nor did defendant's response to plaintiff's motion to compel include

---

[1] The Court acknowledges that plaintiff's request could be deemed deficient pursuant to Rule 34(b)(1)(B), which requires a discovery request to "specify a reasonable time, place, and manner for inspection[.]" However, the fact that plaintiff is currently incarcerated and his *pro se* status mitigate this deficiency.

any objections as to the content of the request or an assertion that compliance with plaintiff's request would impose an undue burden or expense. *See* Fed. R. Civ. P. 26(c) (the Court must limit discovery upon a determination that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[,]" or that "the burden or expense of the proposed discovery outweighs its likely benefit[.]") At most, defendant indicated that some of the documents had been provided and that the documents could be obtained from another source for a fee.

Given all of the above, the Court finds merit in plaintiff's motion to the extent it relates to his criminal case file. Defendant is accordingly compelled to either provide copies of the documents requested or to provide plaintiff with a meaningful opportunity to inspect and copy those documents. Defendant may exclude copies of documents already provided in response to other discovery requests.

The Court next addresses plaintiff's request to enlarge the period for discovery in order to allow re-service and response to interrogatories propounded on prosecutor Dickerman. Plaintiff submitted these interrogatories pursuant to Rule 33, which allows service of interrogatories on any party in an action. Fed. R. Civ. P. 33(a)(1). As noted by defendant, Dickerman is not a party to this action. Plaintiff fails to show good cause for extending the discovery deadline to allow this particular discovery. *See* Fed. R. Civ. P. 6(b)(1).[2]

In sum, plaintiff's request for an order compelling discovery and enlarging the time for

---

[2] Plaintiff also asserts in his reply that discovery should be extended given his desire to name additional defendants in this matter. This assertion is rejected. Although plaintiff is attempting to appeal the Court's ruling, it remains that the Court denied his motion to file a second amended complaint naming these additional defendants. (Dkt. 25.)

completion of discovery (Dkt. 26) is GRANTED in part and DENIED in part for the reasons described above. The discovery deadline in this matter is hereby extended to **May 22, 2009** for the discrete purpose of allowing the completion of discovery regarding plaintiff's criminal case file, and the dispositive motion deadline is extended to **June 22, 2009**. The Clerk is directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

DATED this 17th day of April, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PLAINTIFF'S MOTION
TO COMPEL AND ENLARGE DISCOVERY
PAGE -5