UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ANTHONY EUGENE LEWIS, | ) | CASE NO. C08-1201-JCC-MAT |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| KING COUNTY, | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff's Motion for Clarification and Objection to Order Denying Motions Regarding Proposed Second Amended Complaint (Dkt. No. 27). The Court has carefully considered this document and the balance of the case file and has determined that oral argument is not necessary. The Court finds and rules as follows.

Plaintiff, proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights case, brings claims against King County based on a March 2005 incident resulting in his arrest, prosecution, conviction for violation of the Uniformed Controlled Substances Act, and an eventual determination of a mistrial. (Am. Compl. (Dkt. No. 7); Answer (Dkt. No. 13).) On February 4, 2009, Plaintiff sought leave to amend his Amended Complaint to name additional defendants. (Dkt. No. 20.) In addition, he requested that the Court direct service of

ORDER-1

the amended complaint on the proposed additional defendants. (Dkt. No. 21.) After consideration of full briefing by the parties, United States Magistrate Judge Mary Alice Theiler denied the motions. (March 12, 2009, Order (Dkt. No. 25).)

Plaintiff now "seek[s] clarification" and objects to the Order. (Dkt. No. 27.) The Court construes this motion as an objection to a Magistrate Judge's pretrial order filed pursuant to Federal Rule of Civil Procedure 72(a). The rule provides that:

> A party may serve and file objections to the order within 10 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a).

Plaintiff requested to amend his Amended Complaint to add Seattle Police Officers Michael Tietjen, James Lee, Kerry Zieger, Mark Hazard, John and Jane Does #1–5, and the King County Prosecuting Attorney's Office as defendants. Judge Theiler denied the motion because adding those parties as defendants would be futile. (Order 2 (Dkt. No. 25).) The undersigned agrees.

As Judge Theiler explained, Plaintiff has an existing lawsuit regarding the same incident at issue in this case in which he names Officers Tietjen, Lee, Zieger, and Hazard as defendants. *See Lewis v. City of Seattle*, No. C07-1517-MJP-BAT. Judge Theiler ruled properly that given the separate ongoing lawsuit, it would not be appropriate to add the same defendants in this case. In addition, the King County Prosecuting Attorney's Office is not a proper defendant in this case. *See Nolan v. Snohomish County*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."). Finally, the addition of "Doe" defendants is generally disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). As Judge Theiler

ORDER-2

noted, Plaintiff's claims against Seattle Police Officers John and Jane Does #1–5 are clearly related to his other pending lawsuit, as opposed to the instant lawsuit against King County, and therefore justice does not require an amendment naming them as defendants herein.

The Court does not find that Judge Theiler's Order is clearly erroneous or contrary to law. Nor does the Court find that Judge Theiler denied Plaintiff's motions "without any justifying reason" as alleged by Plaintiff. (Mot. 2 (Dkt. No. 27).) Accordingly, the Court OVERRULES Plaintiff's objection and DENIES Plaintiff's request that the Court modify or set aside Judge Theiler's March 12, 2009, Order.

DATED this 28th day of April, 2009.

/s/ John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER-3