UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ANTHONY EUGENE LEWIS, | ) | CASE NO. C08-1201-JCC-MAT |
| Plaintiff, | ) | |
| v. | ) | ORDER RE: PLAINTIFF'S MOTION |
| | ) | FOR RECONSIDERATION |
| KING COUNTY, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights case, alleges violation of his constitutional rights by defendant King County through his prosecution for drug possession. He appears to allege that King County engaged in a municipal "policy" or "custom" in the form of malicious prosecution and denial of compulsory process. (Dkt. 7.)

The Court previously issued an Order granting in part and denying in part plaintiff's motion seeking to compel discovery and enlarge the time for completion of discovery (hereinafter Order regarding discovery). (Dkt. 35.) The Court granted plaintiff's request as it related to production of his criminal case file and denied the request as it related to interrogatories propounded on King County Prosecutor Gabrielle Dickerman. (*Id.*)

ORDER RE: PLAINTIFF'S MOTION
FOR RECONSIDERATION
PAGE -1

01     Plaintiff now seeks clarification as to the scope of the Court's Order regarding
02 discovery, which the Court construes as a motion for reconsideration. (Dkt. 42.) In
03 particular, plaintiff asks that the Court clarify whether the Order should be extended to require
04 production of felony warrants issued against Lonnie Lee McClure, plaintiff's cousin and a
05 witness to his arrest, and records relating to credibility problems of Seattle Police Officers
06 Michael Tietjen, James Lee, and Kerry Zieger, the arresting officers.

07     The Court first addresses plaintiff's motion as it relates to records associated with the
08 above-named Seattle Police Officers. Plaintiff's motion to compel did not contain this request
09 (*see* Dkt. 26) and the Court, accordingly, clarifies that its Order regarding discovery does not
10 extend to any such documents. The Court further observes both that defendant made proper
11 and timely objections to the production of such documents (Dkt. 29, Ex. 2 at 1-2), and that the
12 Court previously denied plaintiff's request to amend his lawsuit to name these individuals as
13 defendants given that plaintiff has an existing lawsuit, regarding the same incident at issue in
14 this case, in which those individuals are named as defendants (Dkt. 25 (citing *Lewis v. City of
15 Seattle*, No. C07-1517-MJP-BAT)). Plaintiff's motion as it relates to records pertaining to
16 Seattle Police Officers Tietjen, Lee, and Zieger is, therefore, DENIED.

17     Plaintiff's motion to compel did contain a request for felony warrants issued against Mr.
18 McClure, which the Court failed to address in its Order regarding discovery. However, the
19 Court also declines to extend the Order to such documents. As with the request relating to
20 records associated with Seattle Police Officers Tietjen, Lee, and Zieger, defendant made a
21 proper and timely objection to the request for felony warrants issued against Mr. McClure.
22

(Dkt. 29, Ex. 2 at 1.)  Plaintiff fails to sufficiently support his contentions to the contrary.[1]  As such, plaintiff's motion as it relates to felony arrest warrants issued against Mr. McClure is DENIED.

For the reasons described above, the Court finds no basis for plaintiff's motion for reconsideration.  The Clerk is directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

DATED this <u>21st</u> day of May, 2009.

<u>s/ Mary Alice Theiler</u>
United States Magistrate Judge

---

[1] The Court also notes that, as with the claim of malicious prosecution, plaintiff's claim that he was denied compulsory process to obtain Mr. McClure as a witness was dismissed on summary judgment in *Lewis v. City of Seattle*, No. C07-1517-MJP-BAT (Dkt. 79 at 14 and Dkts. 92 & 101).