UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS, ) CASE NO. C08-1201-JCC-MAT
)
    Plaintiff, )
)
    v. ) ORDER RE: PENDING MOTIONS
)
KING COUNTY, )
)
    Defendant. )
_____ )

Plaintiff, proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights case, filed a motion to enforce an order compelling discovery (Dkt. 43), a motion for access to discovery materials (Dkt. 47), and a motion for the Court to show cause (Dkt. 48). Respondent objects to these motions. (Dkts. 46, 49, & 53.) Plaintiff also submitted a request that the Court serve on defendant copies of his pending summary judgment motion and his response to defendant's pending motion for summary judgment. (Dkt. 65.) Having considered plaintiff's submissions and any responses, along with the remainder of the record, the Court finds and concludes as follows:

    (1)    The Court granted a motion to compel as it related to production of plaintiff's criminal case file and extended the discovery deadline for this discrete purpose. (Dkt. 35.) In

a second order, dated May 21, 2009, the Court clarified that the order granting the motion to compel did not extend to records relating to credibility problems of Seattle Police Officers Michael Tietjen, James Lee, and Kerry Zieger, and declined to extend the order to require production of felony warrants issued against Lonnie Lee McClure. (Dkt. 44.) One day prior to this second order, the Court received plaintiff's motion seeking to enforce the order compelling discovery. (Dkt. 43.) In his motion, plaintiff contends defendant failed to comply with the Court's order compelling discovery, pointing to Lonnie Lee McClure's arrest warrants and the Seattle Police Officer records. As these are the very documents the Court indicated were *not* subject to the order granting the motion to compel, there is no basis for finding a lack of compliance with the Court's order. Plaintiff also contends defendant failed to include certain trial transcripts in the production of his criminal case file. However, defendant asserts that it produced the one transcript requested from the court reporter at some juncture, that no other transcripts exist, and that it did produce the Clerk's Minutes from the dates at issue in plaintiff's contention. (Dkt. 46-2, ¶¶ 2-3.) As noted by defendant, it need only produce applicable documents in its possession, custody, or control. Fed. R. Civ. P. 34 (a)(1). Accordingly, plaintiff's motion to compel as it relates to trial transcripts lacks merit. For these reasons, plaintiff's motion to enforce the order compelling discovery (Dkt. 43) is DENIED.

(2) In his second motion, plaintiff seeks access to the same discovery materials discussed above, as well as a conference with opposing counsel. (Dkt. 47.) In his third motion, plaintiff seeks for the Court to show cause as to why defendant should not be compelled to produce these same discovery materials. (Dkt. 48.) These motions, however captioned, essentially request reconsideration of the Court's May 21, 2009 order. "Motions for

reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." CR7(h). Plaintiff fails to demonstrate either manifest error or new facts or legal authority supporting his request for the materials at issue. Nor does the Court find any basis for the requested conference with opposing counsel. As noted by defendant, discovery in this matter has been closed since May 22, 2009. (Dkt. 35.) Plaintiff's motion for access to discovery materials (Dkt. 47) and his motion for an order to show cause (Dkt. 48) are DENIED.

(3) Plaintiff requests that the Court serve on defendant copies of his motion for summary judgment and his response to defendant's summary judgment motion. (Dkt. 65.) However, it is apparent from a review of the docket that defendant reviewed plaintiff's motion and his response. (*See* Dkts. 62 & 63.) As such, while plaintiff is reminded of his ongoing duty to serve all filings on opposing counsel, the Court finds no need, in this instance, to direct service.

(4) The Clerk is directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

DATED this 14th day of August, 2009.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge