UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS, ) CASE NO. C08-1201-JCC
)
    Plaintiff, )
)
  v. )
) REPORT AND RECOMMENDATION
KING COUNTY, )
)
    Defendant. )
_____ )

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Anthony Eugene Lewis proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. Both plaintiff and defendant have submitted motions for summary judgment. (Dkts. 50 & 56.)

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

REPORT AND RECOMMENDATION
PAGE -1

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

Plaintiff here avers claims against defendant King County pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify municipal "policy" or "custom" that caused his or her injury. *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). As reflected below, plaintiff fails to identify or provide any support for the existence of any such municipal policy or custom in this case.

In March 2005, Seattle Police Officers arrested plaintiff for possession of rock cocaine, a violation of the Uniform Controlled Substances Act. (Dkt. 52, Ex. 1.) In a December 2005 bench trial in King County Superior Court, plaintiff was found guilty of the offense. (*Id.*, Ex. 2.) Seattle Police Officer James Lee had testified during the trial that he had not used any force

01 during the course of the arrest. (Dkt. 51, Ex. 1.) On the day following the trial, Lee informed

02 King County Deputy Prosecuting Attorney Gabrielle (Dickerman) Charlton that he had, in fact,

03 struck plaintiff during the arrest. (*Id*.) Charlton promptly notified the court and defense

04 counsel of this fact, after which the court granted plaintiff a new trial. (*Id*.; Dkt. 52, Ex. 4.)

05 On October 3, 2006, the court dismissed the case against plaintiff upon concluding that the

06 cocaine in plaintiff's possession at the time of his arrest was inadmissible as evidence. (Dkt.

07 52, Ex. 5.)

Plaintiff avers that defendant King County violated his constitutional rights through malicious prosecution, denial of compulsory process, failure to provide him with exculpatory evidence, false imprisonment, failure to provide him with money damages or an apology letter in response to his claim for damages, and denial of medical attention. (Dkt. 7.)[1] However, despite repeatedly utilizing the phrase "custom or policy" in his amended complaint, plaintiff provides no support for the existence of an actual custom or policy of King County that resulted in a violation of his constitutional rights.

It is not enough to simply attach the terms custom and/or policy to assertions of constitutional violations. Instead, a plaintiff setting forth a claim against a municipality under

---

[1] Plaintiff originally named Charlton and numerous other King County Prosecutors and entities as defendants. (Dkt. 1-2.) Following the identification of deficiencies in the complaint, plaintiff submitted his amended complaint naming only King County and King County Correctional Facility as defendants. (Dkt. 7.) The Court dismissed the amended complaint as to King County Correctional Facility and directed service on King County. (Dkt. 8.) Plaintiff subsequently sought to again amend his complaint by naming Seattle Police Officers Michael Tietjen, James Lee, Kerry Zieger, Mark Hazard, and John and Jane Does #1-5, and the King County Prosecuting Attorney's Office as defendants. The Court rejected the addition of these additional defendants, noting with respect to the police officers that plaintiff has an existing lawsuit, regarding the same incident at issue in this case, in which he names Tietjen, Lee, Zieger, and Hazard as defendants. *See Lewis v. City of Seattle*, No. C07-1517-MJP-BAT.

§ 1983 must show that the defendant's employees or agents acted through an official custom, pattern, or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Brown*, 520 U.S. at 404; *Monell*, 436 U.S. at 690-91; *Larez v. Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). The municipal action must be the moving force behind the injury of which plaintiff complains. *Brown*, 520 U.S. at 404. Here, even assuming for the sake of argument that plaintiff was somehow deprived of his constitutional rights, he designates no evidence in the record that would suggest the County had a pertinent policy or custom, that the County's policy or custom amounted to deliberate indifference to plaintiff's rights, or that the policy or custom was the moving force behind the deprivation.

Indeed, plaintiff's own motion for summary judgment does not address or even mention a custom or policy of King County as the basis for his complaint.[2] Instead, in addition to a lengthy account of his arrest by Seattle Police Officers and his criminal trial, plaintiff expends considerable energy arguing his entitlement to summary judgment based on defendant's purported failure to comply with discovery requests. He also accuses the Court of exhibiting bias in relation to those requests. A failure to comply with discovery requests does not entitle plaintiff to summary judgment. *See generally* Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. In any event, the Court rejected plaintiff's arguments regarding the discovery requests at

---

2 Defendant moved to strike plaintiff's motion as untimely. (Dkt. 63.) However, plaintiff attests that he delivered the motion to prison authorities for mailing on the day serving as the deadline for filing dispositive motions. (Dkt. 56-4 at 4.) Under the "prison mailbox rule," the motion is deemed filed on the day plaintiff delivered the motion to prison authorities for mailing to the Clerk. *Houston v. Lack*, 487 U.S. 266, 270 (1988). For this reason, defendant's motion to strike is DENIED. The Court does note that plaintiff's motion, at forty-three pages, far exceeds the limit of twenty-four pages for motions for summary judgment. *See* Local Rule 7(e)(3).

issue (Dkts. 44 & 67) and plaintiff provides no reason to revisit the Court's decision. Moreover, there is no basis for concluding that any of the contested discovery requests would reveal a relevant custom or policy on the part of King County. (*See id*.)

It is apparent from a review of both plaintiff's response to defendant's motion and plaintiff's own motion for summary judgment that he seeks to challenge therein the acts and/or omissions of individuals not parties to this lawsuit, including Charlton and the Seattle Police Officers involved in his arrest. This lawsuit, naming only King County as a defendant and lacking any support for the existence of a relevant County custom or policy, is not the proper forum to pursue such claims.

Finally, even if plaintiff had identified a relevant King County custom or policy, his claims would face dismissal. In a lawsuit filed against the Seattle Police Officers who arrested plaintiff, this Court dismissed plaintiff's claim of malicious prosecution upon concluding there was probable cause to arrest plaintiff and charge him with a criminal offense given that he unquestionably possessed cocaine at the time of his arrest. *See Lewis v. City of Seattle*, No. C07-1517-MJP-BAT (Dkt. 79 (Report and Recommendation citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.")) and Dkt. 101 (Order adopting Report and Recommendation). The Court also dismissed, *inter alia*, plaintiff's claims as to a denial of compulsory process and denial of medical attention, finding no evidence to support

such claims. (*Id.*)³ Plaintiff's assertion of a denial of exculpatory evidence appears to similarly lacks support, while his false imprisonment claim would fail, like his assertion of malicious prosecution, given the probable cause for his arrest, *see*, *e.g.*, *Mustafa v. Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution.") Lastly, as asserted by defendant, there is no constitutional or federal statutory right to receive payment, an apology, or any other type of relief simply based on the filing of a claim for damages.

In sum, plaintiff's assertion as to the existence of a custom or policy on the part of King County that resulted in a violation of his constitutional rights is no more than conclusory. Such conclusory allegations are insufficient to defeat defendant's motion for summary judgment. *Leer v. Murphy*, 844 F2d 628, 633 (9th Cir. 1988) ("Sweeping conclusory allegations will not suffice to prevent summary judgment.") Accordingly, plaintiff's motion for summary judgment (Dkt. 56) should be DENIED, defendant's motion for summary judgment (Dkt. 50) should be GRANTED, and this case should be DISMISSED. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of September, 2009.

Mary Alice Theiler
United States Magistrate Judge

---

³ Several of plaintiff's claims against the Seattle Police Officers survived summary judgment, including his allegations that he was unlawfully stopped and detained, that two officers used excessive force, and that another officer failed to protect him. *See Lewis v. City of Seattle*, No. C07-1517-MJP-BAT (Dkts. 79 & 101).